# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.R., A Minor, by her Parents and Natural Guardians, JANYA RIVERA AND JOSE VELASQUEZ,** *Plaintiff*, | : : : : : | **CIVIL ACTION** **NO. 25-5342** |
| **v.** | : : | |
| **TEMPLE UNIVERSITY HEALTH SYSTEM, INC.,** *et al.*, *Defendants*. | : : : : | |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO                                                      JANUARY 26, 2026

**INTRODUCTION**

On April 23, 2025, Plaintiff M.R., ("Minor Plaintiff"), by and through her parents and natural guardians, Janya Rivera and Jose Velasquez, and Plaintiff Janya Rivera, ("Plaintiff Mother"), in her individual capacity, (collectively, "Plaintiffs"), instituted a medical malpractice tort action in the Philadelphia County Court of Common Pleas against Defendants Temple University Health System, Inc. and Temple University Hospital, Inc., (collectively, "Temple Defendants"), and Defendant Clinton A. Turner, M.D., ("Dr. Turner"). On September 17, 2025, the United States of America, (the "Government"), on behalf of Dr. Turner, filed a notice of removal of this matter to this Court. (*See* ECF 1).

Before this Court is the Government's *motion to be substituted for Defendant Turner and to dismiss Plaintiff's related claims* filed pursuant to the Federally Supported Health Centers Assistance Act, ("FSHCAA"), and Federal Rule of Civil Procedure, ("Rule"), 21 and 12(b)(1). (*See* ECF 9). Specifically, the Government moves to be substituted as the proper party-defendant regarding all claims against Dr. Turner and, upon its substitution, moves to dismiss Plaintiffs'

claims against it pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiffs oppose the motion. (*See* ECF 12). The issues have been fully briefed and are ripe for disposition.[1]

For the reasons set forth herein, the Government's motion is granted, *in part.* Accordingly, the Government is substituted as the party-defendant in place of Dr. Turner and Plaintiffs' claims against the Government are dismissed for lack of subject matter jurisdiction. However, the Temple Defendants' cross-claims against the Government survives the motion to dismiss.

**BACKGROUND**

The factual and procedural histories relevant to the Government's motion are as follows:[2]

On January 28, 2025, Plaintiffs instituted by writ of summons a medical malpractice action in state court styled Case No. 250103156 (January Term, 2025).[3] On April 23, 2025, Plaintiffs filed their complaint against the Temple Defendants and Dr. Clinton A. Turner.[4] Specifically, Plaintiffs' claims against Dr. Turner are premised on his alleged medical malpractice during the labor and delivery of Minor Plaintiff in August 2016. Dr. Turner was served with the complaint on May 1, 2025.[5]

On May 19, 2025, by and through David Metcalf, the United States Attorney for the Eastern District of Pennsylvania, ("U.S. Attorney"), the Government appeared in state court and advised the court that the Secretary of the United States Department of Health and Human Services, (the "Secretary"), was investigating whether Dr. Turner was a deemed employee of the United States Public Health Service, ("PHS"), with respect to the claims asserted against Dr. Turner.[6] The Temple Defendants asserted cross-claims against Dr. Turner for indemnity and contribution.[7]

---

[1] The Court has also considered the consolidated response of the Temple Defendants, (ECF 20), which addresses both the instant motion and Plaintiffs' separate motion to remand.

[2] This history is drawn from the parties' various filings and exhibits, including the state court docket.

[3] *See* State Court Docket at Nos. 1-2, ECF 6 at pp. 6-13.

[4] *See id.* at No. 9, ECF 6 at pp. 40-79.

[5] *See id.* at No. 11, ECF 6 at pp. 87-88.

[6] *See id.* at No. 14, ECF 6 at pp. 124-127.

[7] *See id.* at No. 13, ECF 6 at pp. 91-123.

On September 17, 2025, pursuant to 42 U.S.C. §§ 233(c)(1) and 233(g),[8] the United States Attorney General, ("Attorney General"), by and through her designee, the U.S. Attorney, removed the matter to this Court, enclosing a Scope-of-Deemed-Employment Certification (the "Certification").[9]   (ECF 1; Certification, ECF 1-5).

**LEGAL STANDARDS**

### I.  *Federal Tort Claims Act*

While the Government generally "enjoys sovereign immunity from lawsuits seeking money damages[,]" it may waive that immunity and allow itself to be sued "if it does so unequivocally in a statute." *Matsko v. United States*, 372 F.3d 556, 558 (3d Cir. 2004) (first citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); and then citing *Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 261 (1999)).  The Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 provides, *in part*, that the Government:

> [W]aives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

*Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)).  "The FTCA's purpose is to allow recovery by people injured by federal employees or by agents of the Federal Government and, at the same time, to immunize such

---

[8]   Title 42 of the United States Code, Section 233(c)(1) provides the mechanism for removing a state court action against a federal employee acting within the scope of his employment and deeming the action as against the Government under the FTCA; Section 233(g) provides that a federally funded entity, when deemed to be a PHS employee, is afforded FTCA liability protection along with its employees and according to that section's provisions.

[9]   On October 16, 2025, Plaintiffs filed a motion to remand to state court or, alternatively, for leave to conduct jurisdictional discovery.  (*See* ECF 15).  In said motion, Plaintiffs set forth similar arguments as in their opposition to the instant motion to substitute and dismiss.  The motion to remand will be addressed by separate Order.

employees and agents from liability for negligent or wrongful acts done in the scope of their employment." *Id.* (first citing 28 U.S.C. § 2679(b)(1); and then citing 42 U.S.C. § 233(a)); *see also Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (holding that "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, [Section] 233(a) limits recovery for such conduct to suits against the United States"); *see also Doe v. Centreville Clinics*, No. 23-2738, 2024 WL 3666164, at *1 n.4 (3d Cir. Aug. 6, 2024) (noting that, pursuant to Section 233(g), "[f]ederally funded community health centers and their employees . . . are eligible for medical malpractice coverage under the [FTCA] to the same extent as federal employees of the PHS").

## II.   Federal Rule of Civil Procedure ("Rule") 21

Rule 21 governs misjoinder and nonjoinder of parties. Specifically, Rule 21 provides that misjoinder of parties is not a ground for dismissing an action. "[T]he court may at any time, on just terms, add or drop a party[,]" or "sever any claim against a party." Fed. R. Civ. P. 21. A misjoinder is "[t]he improper union of parties in a civil case." *Russell v. Chesapeake Appalachia, L.L.C.*, Case No. 4:14-cv-00148, 305 F.R.D. 78, 81 (M.D. Pa. 2015) (alteration in original) (internal quotation marks omitted) (citing Black's Law Dictionary (9th ed. 2009)). Rule 21 can be exercised, among other reasons, to "preserve subject matter jurisdiction." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022) (citation modified). "Significantly, because Rule 21 does not contain explicit standards governing the propriety of joinder or severance—that is, what constitutes 'just terms'—courts sometimes must incorporate standards to be found elsewhere in exercising their Rule 21 discretion." *Id.* (internal quotation marks omitted).

### III.     *Standard of Review under Federal Rule of Civil Procedure ("Rule") 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court does not have either "the statutory or the constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (citation and internal quotation marks omitted). When evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (internal citation omitted). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.*

### IV.     *Standard of Review under Federal Rule of Civil Procedure ("Rule") 12(b)(6)*

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (second alterations in original).

**DISCUSSION**

    *I.*    *Motion to Substitute the Government for Dr. Turner*

As noted, the instant motion to substitute the Government for Dr. Turner and dismiss Plaintiffs' claims against him was filed pursuant to the FSHCAA and Rules 21 and 12(b)(1). In its motion, the Government argues that, pursuant to the FSHCAA, it must be substituted for Dr. Turner because Dr. Turner was a deemed and covered employee of the PHS at the time of the alleged malpractice. The Government moves this Court to exercise its Rule 21 authority to effectuate its substitution.

The Government further argues that Dr. Turner must be dismissed by mechanism of the FSHCAA and pursuant to Rule 12(b)(1), because this Court lacks subject-matter jurisdiction as to Dr. Turner. Plaintiffs contest the Government's request for substitution arguing that the record, at this time, proves neither Dr. Turner's status as a PHS employee, nor whether his care was rendered solely in his capacity as a "federally supported clinician." As such, Plaintiffs argue that they are entitled to discovery on the matter. The Temple Defendants do not oppose the Government's motion to substitute and take no position as to the dismissal of Plaintiffs' claims against Dr. Turner. However, the Temple Defendants argue, and the Government agrees, that should this Court substitute the Government and dismiss Plaintiffs' claims against it, the Court still retains original jurisdiction over the Temple Defendants' cross-claims against the Government.

To address the Government's motion to substitute, a statutory analysis is necessary to determine whether the Government may be substituted for Dr. Turner.

    *A.*    *Statutory Background*

        *i.*    *The Public Health Services Act and Federally Supported Health Centers Assistance Act*

The Public Health Services Act, 42 U.S.C. §§ 202–237a (the "PHSA"), provides that the FTCA is the exclusive remedy for an alleged medical malpractice committed by PHS employees

acting within the scope of their employment. *See* 42 U.S.C. § 233(a) ("The remedy against the United States provided by [the FTCA] . . . for damage for personal injury . . . resulting from the performance of medical . . . functions . . . by any commissioned officer or employee of the PHS while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the subject-matter against the officer or employee. . . whose act or omission gave rise to the claim."). Thus, for lawsuits arising out of such conduct, PHS employees are entitled to FTCA liability coverage.

The Federally Supported Health Centers Assistance Act, ("FSHCAA"), 42 U.S.C. §§ 233(g)–(n), amended the PHSA[10] to create "a process by which 'public and nonprofit private entities' receiving federal funds . . . and health practitioners such entities employ 'shall be deemed to be [employees] of the PHS.'" *Lomando v. U.S.*, 667 F.3d 363, 371-72 (3d Cir. 2011) (alteration in original) (quoting 42 U.S.C. § 233(g)(1)(A)). "This treatment . . . is highly significant, for an action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury, including death, resulting from the performance of medical . . . or related functions' by [PHS] employees acting within the scope of their employment." *Id.* (omission in original) (first quoting 42 U.S.C. § 233(a); and then citing 42 U.S.C. § 233(g)(1)(A)); *see also* 42 U.S.C. § 233(g)(1)(A) ("The remedy against the United States for [a federally funded entity] and any. . . employee. . . of such an entity who is deemed to be an employee of the [PHS] pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to [42 U.S.C. § 233(a)].").

---

[10] The final rule implementing the FSHCAA also added a new Part 6 to the Department of Health and Human Services', (the "HHS"), regulations in Chapter I of Title 42 of the Code of Federal Regulations. *See* Federal Tort Claims Act (FTCA) Medical Malpractice Program Regulations: Clarification of FTCA Coverage for Services Provided to Non-Health Center Patients, 78 Fed. Reg. 58,202 (Sept. 23, 2013) (codified at 6 C.F.R. § 6.6).

### ii. *FSCHAA Deeming Process*

To be deemed an employee of the PHS, Section 233(g)(1)(D) instructs an entity receiving federal funds to submit "an application for such deeming to the Secretary in such a form and such manner as the Secretary shall prescribe." 8 U.S.C. § 233(g)(1)(D). "The deeming of any entity or . . . employee. . . of the entity to be an employee of the [PHS] . . . shall apply for purposes of [FTCA liability coverage] with respect to services provided to all patients of the entity." *Id.* at § 233(g)(1)(B)(i) (citation modified). In order for such deeming to extend FTCA liability coverage to lawsuits arising out of services provided to individuals who are ***not*** patients of a federally funded entity, the entity submitting a deeming application must submit additional information "to verify that the entity . . . [or employee of the entity] . . . meets the requirements of" subparagraph (C). *Id.* Subparagraph (C) sets out considerations that, if the Secretary[11] determines exist, warrant such an application of his deeming decision. *See id. at* § 233(g)(1)(C). Specifically, the Secretary must determine "that the provision of services to such individuals" either:

(i)  benefits patients of the entity and general populations that could be served by the entity through community-wide intervention efforts within the communities served by such entity;

(ii)  facilitates the provision of services to patients of the entity; or

(iii)  are otherwise required under an employment contract (or similar arrangement) between the entity and [the particular] officer, governing board member, employee, or contractor of the entity.

---

[11]  The Government represents that the Secretary's authority to deem entities as PHS employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. (*See* ECF 9-1 at p. 5 ¶ 5).

*Id.* at § 233(g)(1)(C); *see also* 42 C.F.R. § 6.6(d).[12]  Within 30 days of receipt of an entity's deeming application, the "Secretary shall make a determination of whether [an entity or an employee of the entity] is deemed to be an employee of the PHS for purposes of [the FSHCAA]." *Id.* at § 233(g)(1)(E).

While it is unclear whether Section 233(g)(1)(D) requires two distinct deeming applications when a federally funded entity seeks FTCA coverage for claims arising from care provided to both its own patients and non-entity patients, "HHS regulations reaffirm that FTCA coverage extends to 'services provided to individuals who are not patients of a covered entity . . . ***only if*** the Secretary determines that' at least one of the three conditions listed at 42 U.S.C. § 233(g)(1)(C) has been satisfied." *O'Brien v. United States*, 56 F.4th 139, 149 (1st Cir. 2022) ("*O'Brien I*") (omission in original) (quoting 42 C.F.R. § 6.6(d) (emphasis added).  "The Secretary has crafted two methods for making that determination[,]" *id.* (citing 42 C.F.R. § 6.6(e)(4)), requiring either:  (1) "a specific determination by the Secretary as to the specific arrangement at issue pursuant to [Section] 6.6(d) or (2) that the services provided 'fall squarely within' one of the listed scenarios the Secretary has already categorically deemed covered under [Section] 6.6(e)(4)[13]." *O'Brien v. United States*, 155 F.4th 50, 55 (1st Cir. 2025) ("*O'Brien II*") (footnote

---

[12]    "The language of subsection 6.6(d) matches the statutory criteria that may support a determination of coverage for services provided to individuals who are not patients of the covered entity."  78 Fed. Reg. 58,202 (Sept. 23, 2013).

[13]    42 C.F.R. § 6.6(e)(4) provides that:  "For the specific activities described in this paragraph . . . when carried out by an entity (and its eligible personnel) that has been covered. . . the [HHS] has determined that coverage is provided. . . without need for specific application for an additional coverage determination . . . if the activity or arrangement in question fits squarely within these descriptions[.]"  Thus, activity within Section 6.6(e)(4) has been construed as "automatically" entitled to FTCA coverage when carried out by an entity with deemed PHS status, or such an entity's employee. *See, e.g.*, *O'Brien v. Roca*, 719 F. Supp. 3d 158, 161 (D. Mass.), *reconsideration denied sub nom. O'Brien v. Lowell Gen. Hosp.*, 749 F. Supp. 3d 209 (D. Mass. 2024), *aff'd sub nom. O'Brien v. United States*, 155 F.4th 50 (1st Cir. 2025).

omitted and footnote added) (quoting *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 407 (6th Cir. 2024)).

### iii.  Removal of State Court Actions

"[I]f an action is brought in state court against a 'deemed' PHS employee, the FSHCAA provides mechanisms both for removing the case to the federal district court and for substituting the United States as the named defendant in the 'deemed' employee's stead." *O'Brien I*, 56 F.4th at 148.  Relevant here, Section 233(c) provides that:

> Upon a certification by the Attorney General[14] that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . at any time before trial by the Attorney General.

42 U.S.C. § 233(c) (footnote added).

### B.  Application

As set forth above, the Government argues that Dr. Turner is a deemed PHS employee by virtue of his employment with the federally funded entity — Delaware Valley Community Health ("DVCH").  In support, the Government provides, *inter alia*, a notice of the Secretary's 2016 deeming decision and the U.S. Attorney's Certification, submitted pursuant to 42 U.S.C. §§ 233(c) and 233(g).  Notwithstanding these documents, Plaintiffs argue that the record provides an insufficient basis for the Court to determine whether Section 233 applies.  This Court disagrees.

### i.  FSHCAA Entitles Dr. Turner to the Protections of the PHSA

As noted, the Government submitted a copy of the *Notice of Deeming Action*, ("NDA"), of the Secretary, by and through the HHS Associate Administrator, as to Dr. Turner's employer, DVCH and, *inter alia*, DVCH employees.  (*See* HRSA Notice of Deeming Action (coverage period

---

[14]  The Attorney General has delegated her certification authority to the United States Attorneys.  28 C.F.R. § 15.4.

1/1/2016 through 12/31/2016), ECF 9-1 at Exhibit A-1).  The NDA was in effect during the alleged medical malpractice at-issue and provides, *inter alia*, that it is "confirmation of medical malpractice coverage for both DVCH and [its employees]." (*Id.*).  The Government also submitted a senior HHS attorney's declaration attesting to Dr. Turner's employment at DVCH during the at-issue care.  (*See* Decl. of Meredith Torres, ECF 9-1 at pp. 1-3).

Based on those documents, this Court is satisfied that Dr. Turner, as an employee of DVCH, was a deemed PHS employee.  Accordingly, and pursuant to Section 233(g)(1)(A), Dr. Turner is deemed a federal employee entitled to FTCA liability protection.  *See* 42 U.S.C. § 233(g)(1)(A) (limiting the remedy available for claims against a federally funded entity and its employees to, when the entity is deemed a PHS employee, as that available against the United States under the FTCA).

Plaintiffs, however, contest Dr. Turner's "federal status," arguing that the Government failed to: submit evidence upon which the Court could determine whether Dr. Turner's care fell within Section 6.6(d) or within Section 6.6(e); and/or show that HHS specifically deemed his services covered.[15]  In its response, the Government provided the Court with the following documents:  a declaration from Dr. Turner regarding his DVCH employment, (ECF 26-1); a declaration from a senior DVCH officer regarding the same, (ECF 26-2); Dr. Turner's DVCH Offer Letter, (ECF 26-1 at Exhibit 1); confirmation of Dr. Turner's DVCH Employment, (ECF 26-1 at Exhibit 2); Dr. Turner's 2016 W-2 Form, (ECF 26-1 at Exhibit 3); Dr. Turner's DVCH Job Description, (ECF 26-2 at Exhibit 1); Memorandum of Understanding between DVCH and Temple

---

[15]  Plaintiffs offer this argument in a section of their brief arguing that the Certification is rebuttable.  In so doing, Plaintiffs cite to the HHS regulations germane to the Secretary's deeming and coverage decisions, not the U.S. Attorney's scope of employment determination.  Thus, the argument is addressed accordingly.

University Hospital, (ECF 26-2 at Exhibit 2); Memorandum from Temple's OB/GYN Section Chief to OB/GYN Physicians Regularly Providing Obstetric Care, (ECF 26-2 at Exhibit 3); DVCH August 2016 on-call OB/GYN schedule for Temple University Hospital, (ECF 26-2 at Exhibit 4); and DVCH billing records for Plaintiff Mother, (ECF 26-2 at Exhibit 5).

As set forth above, there are two ways by which the Secretary can deem a federally funded entity as a PHS employee to provide FTCA liability coverage to a particular lawsuit involving the provision of services to a non-entity patient. Here, given the absence of a particularized deeming decision, FTCA liability coverage applies only if Dr. Turner's care is within one of the specific circumstances set forth in Section 6.6(e). Thus, Plaintiffs' contention that the Government had to, as one option, submit evidence upon which this Court could determine the applicability of Section 6.6(d) to prove Dr. Turner's "federal status" is of no consequence.[16]

As such, in the absence of a specific determination by the Secretary as to his deeming decision's application to the care in this lawsuit, this Court must determine whether Dr. Turner's care fell within Section 6.6(e)(4). Relevant here, subparagraph (ii) provides:

> Hospital–Related Activities. Periodic hospital call or hospital emergency room coverage is required by the hospital as a condition for obtaining hospital admitting privileges. There must also be documentation for the particular health care provider that this coverage is a condition of employment at the health center.

---

[16] Section 6.6(d), which matches the statutory criteria of Section 233(g)(1)(C), *see supra* note 12, sets forth parameters to guide the Secretary's determination of whether the deeming of an entity would extend FTCA liability coverage to a particular lawsuit involving care to non-entity patients. *See* 42 C.F.R. § 6.6(d) ("Acts and omissions related to services provided to individuals who are not patients of a covered entity will be covered ***only if the Secretary determines*** . . .") (emphasis added). Thus, the Government need not produce factual evidence to this Court to fulfill the provisions of either Section 233(g) or Section 6(d)(4). To the extent Plaintiffs seek to challenge the Secretary's decision to deem DVCH as a PHS employee, which extends to Dr. Turner as DVCH's employee, Plaintiffs cannot do so. *See* 42 U.S.C. § 233 (g)(F) (noting that the Secretary's deeming decision, once made, is "final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding"); *see also Rendon v. U.S.*, 91 F. Supp. 2d 817, 818-19 (E.D. Pa. 2000) (holding that judicial review of a Secretary's deeming decision as to a PHS entity was foreclosed based on Section 233(g)).

42 C.F.R. § 6.6(e)(4)(ii). Based on this language, this Court finds that Dr. Turner's challenged care falls squarely within this regulation provision.

Further, the Government's documentary submissions illustrate that, as a condition of Dr. Turner's DVCH employment, he was required to take OB-GYN on-calls as a DVCH employee at Temple University Hospital, ("TUH"), for DVCH and other OB-GYN patients. (*See, e.g.*, Job Description, ECF 26-2 at Exhibit 1) ("[A]s per the DVCH contract with the Temple University Health System . . . this position will share on-call, hospital-based coverage and will be required to deliver hospital-based in-patient and emergency room service to health center and ***non-health center patients***.") (emphasis added). These documents also show that Dr. Turner was scheduled to be on-call at TUH on the day of Plaintiff Mother's labor and delivery admission, and that Plaintiff Mother was charged by DVCH for services Dr. Turner provided. (*See* Schedule, ECF 26-2 at Exhibit 4; *see also* Billing Records, ECF 26-2 at Exhibit 5). Accordingly, Dr. Turner's challenged conduct falls squarely within the activity contemplated in Section 6(e)(4)(ii).

Undeterred, Plaintiffs also argue that facts exist to suggest Dr. Turner may have held dual employment with the Government and TUH. Plaintiffs' argument is unpersuasive. Dr. Turner attested that DVCH was his sole employer in 2016, DVCH has confirmed his employment status, and his tax records show he was paid only by DVCH. (*See generally* ECF 26). What's more, the Temple Defendants recognize that Dr. Turner was not a TUH employee. (*See* ECF 20 at p. 5). Therefore, the Court finds Dr. Turner's challenged conduct, performed as an employee of DVCH, a deemed PHS employee, is entitled to the full extent of liability protection under the FTCA.

      *ii.*     *Review of the Scope of Employment Certification*

The Government timely removed Plaintiffs' action to this court and enclosed the Certification of the U.S. Attorney's determination under 42 U.S.C. §§ 233(c) and 233(g), that Dr. Turner "is a deemed and covered employee of the U.S. PHS who acted within the scope of that

federal employment with respect to the actions and omissions that are the subject" of Plaintiffs' action. (ECF 1-5). "Upon a certification by the Attorney General that the defendant [here, Dr. Turner] was acting in the scope of his employment at the time of the incident out of which the suit arose, any such action shall be removed . . . at any time before trial by the Attorney General to the district court . . . and the proceeding deemed a tort action brought against the United States under the [FTCA]." 42 USC § 233(c). Accordingly, pursuant to Section 233(c), this action is deemed an FTCA action upon the Government's notice of removal with Certification. *Id.*; *see also Schrob v. Catterson*, 967 F.2d 929, 934 (3d Cir. 1992) (citing 28 U.S.C. § 2679(d)(1)) (noting that upon certification of the Attorney General "that the employee was acting within the scope of employment, the United States is substituted as defendant."). "Ordinarily, scope-of-employment certifications occasion no contest." *De Martinez v. Lamagno*, 515 U.S. 417, 422 (1995).

"While the scope certification is conclusive for purposes of removal," the United States Court of Appeals for the Third Circuit[17] has held "that the certification is subject to judicial review for purposes of substitution." *Schrob*, 967 F.3d at 934 (citation modified). The Certification,

> is *prima facie* evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits.

*Id.* at 936. However, limited[18] discovery may be ordered only if: (1) the plaintiff presents evidence sufficient to show "a genuine issue of fact material to the scope of employment question," *id.*; or

---

[17]   Hereinafter, the "Third Circuit."

[18]   The Third Circuit makes clear that any such discovery, if determined necessary, be circumscribed as narrowly as possible in recognition of the policy that "the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob*, 967 F.3d at 937.

(2) the "certification is based on a different understanding of the facts than is reflected in the complaint," *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994).

Here, Plaintiffs have not met their burden of rebutting the Certification and, thus, this Court has determined that this case is not the rare instance where discovery on the scope of employment issue is appropriate. The Attorney General, by and through the U.S. Attorney, certified that Dr. Turner was a deemed PHS employee within the meaning of the FTCA, and that he was acting within the scope of that employment at all times relevant to Plaintiffs' complaint. (*See* ECF 1, 1-5). In attempting to rebut the Certification, Plaintiffs present no facts pertinent to the scope of employment issue. That is, Plaintiffs do not argue that the U.S. Attorney erred in determining Dr. Turner was acting within the scope of his employment as a DVCH employee during the care at-issue. Rather, Plaintiffs attempt to create a factual dispute as to Dr. Turner's status as a potential agent of the Temple Defendants, relying almost exclusively on a declaration of Plaintiff Mother, (*see* ECF 15-3), wherein she attests to her belief that she was cared for by TUH employees during the at-issue labor and delivery. For purposes of rebutting the Certification, the proper inquiry is not whether Dr. Turner is a federal employee — as is established by the Secretary's deeming decision — but whether his challenged actions were work related. *See Melo*, 13 F.3d at 742. Notably, Temple Defendants admit that Dr. Turner was not their employee. Thus, Plaintiffs have failed to present any evidence of a genuine factual dispute material to the question of Dr. Turner's scope employment.

Moreover, Plaintiffs have not argued that Dr. Turner's conduct was beyond the scope of his DVCH employment. It is apparent that the Certification was based upon a proper understanding of the facts within Plaintiffs' complaint. The U.S. Attorney's Certification states, in relevant part that: "[Dr. Turner] acted within the scope of that federal employment with respect to the actions

and omissions that *are the subject of* the [this] action." (ECF 1, 1-5) (emphasis added). Plaintiffs' complaint is based upon Dr. Turner's labor and delivery care, which the Government has shown was rendered as part of Dr. Turner's DVCH employment. (*See supra* Discussion Section (I)(B)(i)).

Under these circumstances and the unrefuted evidence, Plaintiffs failed to meet their burden of rebutting the Certification as *prima facie* evidence that Dr. Turner's challenged conduct occurred within the scope of his PHS employment. Based upon the materials submitted by the Government, the Court finds that Dr. Turner was acting within the scope of his federal employment for purposes of this action. As such, this Court finds that the timely removal of this action and the Certification confirms that this action is properly against the Government under the FTCA.

### C. *Federal Rule of Civil Procedure ("Rule") 21 Substitution*

"Rule 21 empowers courts to police the litigation's cast of characters." *Avenatti*, 41 F.4th at 130. While a district court's Rule 21 authority is discretionary, the court cannot drop indispensable parties and must assure itself that its actions will not prejudice any party. *Id.* at 131. As Rule 21 "does not contain explicit standards governing the propriety of joinder or severance. . . . courts sometime 'must incorporate standards to be found elsewhere' in exercising their Rule 21 discretion." *Id.* (internal citations omitted).

Here, for the reasons noted above, Dr. Turner is a deemed PHS employee entitled to FTCA coverage for Plaintiffs' alleged claims. The Government accepts that it is the proper party for all claims against Dr. Turner. For the reasons noted, effectively, Dr. Turner is a dispensable party and must be dismissed. With this dismissal, however, no party will suffer any prejudice since this suit is proceeding against the proper parties. Accordingly, this Court exercises its Rule 21 authority to

dismiss Dr. Turner from this lawsuit and to substitute the Government in his stead as a party-defendant.[19]

## II. Motion to Dismiss Plaintiff's Claims Against the Government

Having granted the Government's motion to substitute itself for Dr. Turner, and as Plaintiffs' claims proceed against the Government under the FTCA, this Court will now address Government's motion to dismiss Plaintiffs' claims against it for lack of jurisdiction and for failure to state a claim.

### A. Federal Rule of Civil Procedure ("Rule") 12(b)(1)

The Government moves to dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(1) on the basis that Plaintiffs have failed to exhaust the FTCA remedies which are a jurisdictional prerequisite to suit. In their opposition, Plaintiffs argue that the Government's argument is no longer accurate since Plaintiffs filed administrative claims on October 9, 2025. Plaintiffs urge this Court to deny dismissal since they have cured the defect or, alternatively, stay consideration of the instant motion until the administrative process concludes.

Rule 12(b)(1) provides that an attack on subject matter jurisdiction may be either a facial or a factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). In its motion to dismiss, the Government has presented this Court with a factual attack, arguing that the facts of the case preclude this Court from exercising subject matter jurisdiction as to it. In a factual attack, Plaintiffs' allegations related to jurisdiction do not enjoy the presumption of truthfulness. *See id.*; *see also Mortensen v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

---

[19] Because this Court exercises its Rule 21 discretion to drop and dismiss Dr. Turner from the action and substitute the United States in his stead, it need not consider the Government's alternate Rule 12(b)(1) dismissal argument as to Dr. Turner. The Court notes that Rule 12(b)(1) analysis would yield the same result because the exclusive remedy for Plaintiffs' claims related to Dr. Turner's conduct is against the Government pursuant to the FTCA, and, thus, the Court lacks jurisdiction to adjudicate Plaintiffs' claims against Dr. Turner personally.

Plaintiffs bear the burden of persuasion to establish jurisdiction, and the Court may make factual findings beyond the pleadings that are decisive to determining jurisdiction. *See CNA*, 535 F.3d at 145; *see also Atkinson*, 473 F.3d at 514.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, Section 2675(a) of title 28 provides, *in part*:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

As such, Section 2675(a) "requires 'complete exhaustion of Executive remedies before invocation of the judicial process.'" *Booker v. United States*, 2015 WL 3884813, at *3 (E.D. Pa. 2015) (Sánchez, J.) (quoting *McNeil*, 508 U.S. at 112). "'No claim can be brought under the FTCA unless the plaintiff first presents the claims to the appropriate federal agency *and* the agency renders a final decision on that claim.'" *Id.* (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)) (emphasis in the original).

The Third Circuit has held that this exhaustion requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569 (3d Cir. 2015) (citing *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976)). Thus, "[f]ailing to follow [the exhaustion] procedure deprives federal courts of subject matter jurisdiction" and requires dismissal under Rule 12(b)(1).

*Abulkhair v. Bush*, 413 F. App'x 502, 506 (3d Cir. 2011) (citing *White–Squire v. USPS,* 592 F.3d 453, 456-58 (3d Cir.2010)).

Here, the parties do not dispute that Plaintiffs filed this action prior to presenting their claims to the appropriate federal agency and prior to that agency rendering a final decision on that claim.  In an attempt to cure this deficiency, Plaintiffs filed an administrative claim with HHS on October 9, 2025, months after filing their state court complaint and weeks after the Government's removal notice.  Accordingly, Plaintiffs failed to exhaust administrative remedies prior to bringing suit and, therefore, this Court lacks jurisdiction over their claims against the Government.  Plaintiffs' argument urging this Court to overlook such deficiency is unavailing, as is their request that this Court stay its ruling pending their cure of the same.  Consequently, Plaintiffs' claims against the Government are dismissed for lack of subject matter jurisdiction.  *See McNeil*, 508 U.S. at 113 (upholding district court dismissal of suit where petitioner failed to heed the "clear statutory command" that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[.]").

As to Temple Defendants' cross-claims against the Government, "it is clear that [a district court] retains jurisdiction over . . . a co-defendant's cross-claim for contribution against the United States even after the plaintiff's claim against the United States has been dismissed."  *Rodgers v. Southeastern Penn. Trans. Co.*, 2006 WL 2924562, at *1-*2 (E.D. Pa. Oct. 5, 2006) (Robreno, J.) (citing *Carr v. American Red Cross*, 17 F.3d 671 (3d Cir. 1994)).  Pursuant to 28 U.S.C. § 2675(a), the FTCA's exhaustion requirement does not apply to FTCA claims against the Government "as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."  28 U.S.C. § 2675(a).  Thus, upon the Government's substitution as a party-

defendant and the dismissal of Plaintiffs' claims against it, this Court retains its original jurisdiction over Temple Defendants' cross-claims for contribution and indemnity against the Government.

### B. Federal Rule of Civil Procedure ("Rule") 12(b)(6)

Although a dismissal for lack of subject matter jurisdiction is ordinarily without prejudice, the Government argues this case should be dismissed with prejudice pursuant to Rule 12(b)(6) because Plaintiffs' claims are now time barred. As noted above, this Court lacks jurisdiction over Plaintiffs' claims against the Government at this time, due to Plaintiffs' failure to comply with the jurisdictional prerequisite to exhaust administrative remedies. Accordingly, this Court need not and will not address the Government's Rule 12(b)(6) argument.

**CONCLUSION**

For the reasons set forth, the Government's motion to substitute itself for all claims against Dr. Turner, and to dismiss the claims against Dr. Turner, is granted. Upon the Government's substitution, Plaintiffs' claims against the Government are dismissed. A corresponding Order will accompany this opinion.

*NITZA I. QUIÑONES ALEJANDRO*, J.